# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**HOMERO GUERRA,**<br><br>Defendant | **NO. 1: 02-CR-16 (ALS)**<br><br>**VIOLATIONS:** Drug Related |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case at the defendant's Initial Appearance before the undersigned. Defendant GUERRA was represented by Ms. Demetria Nicole Williams of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Graham Thorpe. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the Pretrial Service Report of the U. S. Probation Office dated May 24, 2002, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☐ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Guerra were he to be released from custody. The defendant ABSCONDED from pretrial supervision in **2002**, and his bond was forfeited. Such is clear evidence that he poses a serious risk of flight. Accordingly, pretrial detention is mandated. IT IS SO ORDERED.

| PART III  -  DIRECTIONS REGARDING DETENTION |
|---|

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 24th day of FEBRUARY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE